**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL LOREN SKOOR, | No. 08-55261 |
| Petitioner - Appellant, | D.C. No. CV-06-01601-IEG |
| v. | |
| JAMES E. TILTON, Acting Secretary, California Department of Corrections, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted April 6, 2010 [**]

Before: SKOPIL, FARRIS and LEAVY, Circuit Judges.

Michael Skoor, a California state prisoner, appeals the district court's denial

of his 28 U.S.C. § 2254 petition alleging ineffective assistance of counsel. We

have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Skoor contends he received ineffective assistance of counsel because his trial attorney failed to secure discovery to support a claim of prosecutorial discrimination and failed to independently obtain public information of the same nature that could have been presented as mitigating evidence at sentencing. The state appellate court rejected those contentions.

We may not grant relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The right to effective assistance of counsel in criminal proceedings is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). To prevail on such a claim, a petitioner must show that counsel's performance was both deficient and prejudicial. *Id.* at 687.

The state court's decision was not contrary to or an unreasonable application of *Strickland*. Skoor's trial counsel adequately argued the discovery motion and, accordingly, the representation was not deficient. Skoor was not prejudiced by his counsel's failure to cite *United States v. Armstrong*, 517 U.S. 456 (1996), because the trial judge independently identified and applied *Armstrong*. Counsel's failure to cite additional cases in support of the request for discovery was not prejudicial because those cases were not analogous to Skoor's and did not establish a prima

-2-

facie claim of prosecutorial discrimination. For that same reason, trial counsel's failure to cite those cases at Skoor's sentencing was not prejudicial and did not constitute ineffective assistance of counsel. *See Strickland*, 494 U.S. at 694.

**AFFIRMED**.